MARY ANN HUBBARD v. GEORGE H. FLETCHER.[1]

May 22, 1895.

Nos. 9548—(95).

Promissory Note—Consideration.
  *Held*, that the evidence warranted the findings of fact, and the conclusion that the note sued upon was founded on a good and valid consideration.

Action in the municipal court of Minneapolis to recover the balance due upon a promissory note for $70. The case was tried before Mahoney, J., who ordered judgment for plaintiff. It appeared in evidence that defendant owned real estate on which plaintiff held a mortgage executed by a prior owner. When the mortgage fell due, defendant signed and delivered to plaintiff's agent an in-

[1] Reported in 63 N. W. 612.

strument, in the form of a bipartite agreement, by the terms of which plaintiff extended the note secured by the mortgage for three years, and defendant assumed and agreed to pay the mortgage and note in three years with interest, according to the terms of six coupon notes of even date, and to pay $200 on account of principal. The agreement was not signed by plaintiff. The note in suit was one of the coupon notes mentioned in, and executed at the time of, the agreement. The other facts are stated in the opinion. From an order denying a motion for a new trial defendant appealed. Affirmed.

*Robert S. Dawson*, for appellant.

*Roberts & Sweet*, for respondent.

COLLINS, J. This is an action upon a promissory note, and the defense alleged—want of consideration—is without merit. When applying to the resident agent of plaintiff mortgagee, a nonresident, for three years' extension of the mortgage note from and after its maturity, in July, 1892, defendant executed and delivered six promissory notes, each representing the semiannual interest agreed upon if an extension was granted. These notes were received, and have been retained, except the one falling due in January, 1893, which was promptly paid by defendant. And because of a partial payment on the principal debt, made at the same time, the plaintiff caused an indorsement to then be made on the note in suit. She has further affirmed her agreement to extend by bringing this action. In several ways, both parties have estopped themselves from asserting that the extension was not given, and in fact the defendant only claims to the contrary. That the plaintiff did not sign a written contract for an extension is of no consequence. The evidence warranted the findings of fact, and the conclusion that the note sued on was founded on a good and valid consideration.

Order affirmed.